# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 13, 2026

Lyle W. Cayce
Clerk

No. 25-60422

Merari Baraona-Lira,

*Petitioner*,

*versus*

Todd Wallace Blanche, *Acting U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A209 427 345

Before Duncan, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Merari Baraona-Lira, a Nicaraguan national, was ordered removed for being an alien present in the United States without admission. *See* 8 U.S.C. § 1182(a)(6)(A)(i). Now, she appeals a decision from the Board of Immigration Appeals ("BIA") denying her motion to reopen her removal proceedings based on changed country conditions.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60422

"[W]e review the BIA's decision not to reopen removal proceedings under the 'highly deferential abuse-of-discretion standard.'" *Garcia Morin v. Bondi*, 152 F.4th 626, 630 (5th Cir. 2025) (quotation omitted). That means we must affirm the denial order unless it is "capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies." *Lugo-Resendez v. Lynch*, 831 F.3d 337, 340 (5th Cir. 2016) (quotation omitted).

Baraona-Lira filed her motion to reopen more than ninety days after the BIA affirmed her final order of removal. Ordinarily, that delay would make her motion untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(i). But Baraona-Lira argues that she qualifies for an exception to the time bar under 8 U.S.C. § 1229a(c)(7)(C)(ii), which permits an alien to apply for asylum "based on material, previously unavailable evidence of changed country conditions." *Prado-Majano v. Blanche*, 176 F.4th 335, 341 (5th Cir. 2026). The BIA may deny a motion to reopen if the movant fails to provide previously unavailable, material evidence. *Mendias-Mendoza v. Sessions*, 877 F.3d 223, 227–28 (5th Cir. 2017). The BIA also may deny the motion on a movant's failure to establish "a prima facie case for the underlying substantive relief sought." *INS v. Abudu*, 485 U.S. 94, 104 (1988).

The BIA properly dismissed much of Baraona-Lira's evidence because it was previously available, including background information on events that took place before she filed her first asylum application. *See Nunez v. Sessions*, 882 F.3d 499, 508–09 (5th Cir. 2018) (per curiam). And the BIA did not abuse its discretion in concluding the remaining evidence was not material to her eligibility for asylum. The letter affidavits from Baraona-Lira's family members and country-conditions reports do not connect any threat of persecution and her family-based particular social group.

No. 25-60422

The petition for review is DENIED.